**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONI KUKOC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-00261 |
| | ) | |
| BANCA SVIZZERA ITALIANA and EFG INTERNATIONAL AG, | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Beth W. Jantz |
| Defendants. | ) | |
| | ) | |

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

The Court, having been advised that the parties anticipate the production and exchange of discovery materials that may include confidential, proprietary, and private information, and being sufficiently advised, hereby ORDERS as follows pursuant to Federal Rule of Civil Procedure 26(c).

**1. Scope.**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this

District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.**

As used in this Order, "Confidential Information" means information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) materials subject to Swiss bank secrecy or professional secrecy obligations; or (i) personal data protected under the EU General Data Protection Regulation ("GDPR") and/or the Swiss Federal Act on Data Protection ("FADP"), including special categories of personal data. Information or documents that are available to the public may not be designated as Confidential Information. Confidential Information shall be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**3. Designation.**

a) A party may designate a document as Confidential Information by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that

will not interfere with legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain Confidential Information. The marking shall be applied prior to or at the time the documents are produced or disclosed.

b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

**4. Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony shall be treated as Confidential Information until no later than fourteen (14) days after the transcript is delivered to any party or the witness, and in no event later than sixty (60) days after the testimony was given. Within that period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated as Confidential Information. Thereafter, only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5. Protection of Confidential Material.**

a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel, or any other persons identified in

subparagraphs (b) for any purpose other than this litigation, including any appeal thereof.

b) **Confidential Information Access.** Subject to these requirements, the following categories of persons are allowed to review Confidential Information:

(1) counsel for the parties and employees of counsel;

(2) individual parties and employees or agents of a party to the extent counsel determines in good faith that the employee's or agent's assistance is reasonably necessary;

(3) the Court and its personnel;

(4) court reporters and recorders;

(5) vendors engaged to copy, process, or host ESI;

(6) retained experts/consultants who sign Attachment A;

(7) witnesses at depositions to whom disclosure is reasonably necessary (who shall not retain copies);

(8) the author or recipient of the document; and

(9) others by written consent of the producing party or Court order.

c) **Control of Documents.** Counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and shall maintain the originals of the forms signed by persons acknowledging their obligations (Attachment A) for three years after termination of the case.

**6. Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document after it was initially produced, the receiving party, upon notification, must make reasonable efforts to assure the document is treated in accordance with this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7. Filing of Confidential Information.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information must comply with Local Rule 26.2.

**8. No Greater Protection of Specific Documents.**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for such protection.

**9. Challenges to Designations.**

A party challenging a designation must confer in good faith with counsel for the designating party. If no resolution is reached, the challenging party

may file a motion identifying the challenged material and the basis for the challenge, certifying compliance with the meet-and-confer requirement. The burden of persuasion remains on the designating party. Until the Court rules, the materials shall be treated as designated.

**10. Action by the Court.**

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use at Hearings/Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any hearing or trial. A party that intends to present or reasonably anticipates that another party may present Confidential Information at a hearing or trial shall raise the issue by motion or pretrial memorandum.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a) If a receiving party is served with a subpoena or order in other litigation that would compel disclosure of material designated in this action as Confidential Information, the receiving party must notify the designating party in writing immediately (and in no event more than three court days after receiving the subpoena or order), and include a copy of the subpoena or order.

b) The receiving party also must promptly inform the issuing party in the other litigation that some or all of the material is subject to this Order and provide a copy of this Order.

c) If the material is subject to Swiss bank secrecy or GDPR/FADP protections, the parties shall cooperate in good faith to allow the producing party a reasonable opportunity to seek protective relief from the issuing court or competent authority. Nothing herein authorizes a receiving party to disobey a lawful directive from another court.

**13. Challenges by the Public to Sealing Orders.**

An interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality bears the burden of justification.

**14. Obligations on Conclusion of Litigation.**

a) Order Continues in Force. Unless otherwise agreed or ordered, this Order remains in force after dismissal or final judgment not subject to further appeal.

b) Within sixty-three (63) days after dismissal or final judgment not subject to further appeal, all Confidential Information (including copies) shall be returned to the producing party, except: (1) documents offered into evidence or filed without restriction; (2) where the parties agree to destruction in lieu of return; or (3) attorney work product or one archival set of filed papers retained

by counsel. Any retained material remains protected and must be handled consistently with GDPR/FADP principles.

**15. Order Subject to Modification.**

This Order may be modified by the Court on its own initiative or on motion of a party or any person with standing.

**16. No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed as a judicial determination that any specific document is entitled to protection until the Court so rules.

**17. Persons Bound.**

This Order takes effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**18. Swiss Bank Secrecy and GDPR/FADP Safeguards.**

a) Purpose Limitation & Minimization. Any personal data or bank-secrecy materials produced in this action shall be used solely for the purposes of this litigation and shall be processed and stored securely.

b) Cross-Border Transfers. To the extent materials originate in Switzerland or the EU/EEA, any transfer to the United States under this Order is for the establishment, exercise, or defense of legal claims. Receiving

parties shall not further transfer such materials except as permitted by this Order or Court order.

c) Notice Obligations. If a receiving party is legally compelled by a non-U.S. authority to disclose materials protected by this Order, it shall, to the extent permitted by law, promptly notify the producing party to allow it to seek protective relief.

**19. Fed. R. Evid. 502(d)—Non-Waiver & Clawback.**

Pursuant to Federal Rule of Evidence 502(d), the disclosure of information (including ESI) that is subject to a claim of privilege or work-product protection shall not constitute or be deemed a waiver of any claim of privilege or protection in this or any other federal or state proceeding. Upon written notice of a claim of privilege or protection, the receiving party shall promptly return, sequester, or destroy the specified information and any reasonably accessible copies, and shall not use or disclose the information until the claim is resolved.

***So Ordered.***

Dated: 10/20/25

U.S. Magistrate Judge
Beth W. Jantz

**Counsel for Plaintiff**

By: *<u>/s/ Scott F. Hessell</u>*

Scott F. Hessell (No. 6275119)
shessell@sperlingkenny.com
Sean M. Koller (No. 6324181)

skoller@sperlingkenny.com
SPERLING KENNY NACHWALTER LLC
321 North Clark Street
Chicago, IL 60654

Jonathan M. Cyrluk (No. 6210250)
cyrluk@carpenterlipps.com
Steven C. Moeller (No. 6290263)
Moeller@carpenterlipps.com
CARPENTER LIPPS LLP
180 N. LaSalle St., Suite 2105
Chicago, IL 60601
Phone: (312) 777-4300
Fax: (312) 777-4839

**Counsel for Defendants**

By: *<u>/s/ Jonathan S. Quinn</u>*

Jonathan S. Quinn (No. 6200495)
jquinn@nge.com
Andrew G. May (No. 6299444)
amay@nge.com
Carmel I. Dooling (No. 6326826)
cdooling@nge.com
NEAL, GERBER & EISENBERG LLP
225 W. Randolph St., Suite 2800
Chicago, IL 60606-1976
Phone: (312) 269-8000

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONI KUKOC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00261 |
| | ) | |
| BANCA SVIZZERA ITALIANA and EFG INTERNATIONAL AG, | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Beth W. Jantz |
| Defendants. | ) | |
| | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality and Protective Order dated ____________________________ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality and Protective Order and understands that the terms of the Agreed Confidentiality and Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-

captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Agreed Confidentiality and Protective Order may result in penalties for contempt of court.

Name: ________________________________________

Job Title: ________________________________________

Employer: ________________________________________

Business Address: ____________________________________

____________________________________

____________________________________

Date: ____________________ ______________________________
Signature